IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

AXEL ROYAL LLC,

        Plaintiff,

v.

ROYAL MFG CO., LP, a/k/a KLM
GROUP, LP, RIVERCREST, LLC,
ROYAL HOLDINGS, LLC, a/k/a KLM
MANAGEMENT, LLC, KARI L. HARRIS
2000 IRREVOCABLE TRUST, KRISTI L.
KINCHELOE 2000 IRREVOCABLE
TRUST, WILLIAM R. MALLORY, JR.,
and JAMES M. GOTT,

        Defendant.

Case No. 19-cv-00071-JFH-CDL

## OPINION AND ORDER

This matter comes before the Court on the Motion for Leave to Amend the Complaint, filed by Plaintiff Axel Royal LLC ("Axel") [Dkt. No. 61]. For the reasons set forth below, the Court grants the motion.

    I.    **FACTUAL AND PROCEDURAL BACKGROUND**

On February 22, 2018, Axel and Royal Mfg. Co., LP, a/k/a KLM Group, LP ("KLM Group") entered into an Asset Purchase Agreement ("Purchase Agreement").[1] Dkt. No. 2-1. Axel, a manufacturer and producer of industrial grease and lubricant products, sought to purchase assets

---

[1] Royal Holdings, LLC, a/k/a KLM Management, LLC ("KLM Management"), Kari L. Harris 2000 Irrevocable Trust, Kristi L. Kincheloe 2000 Irrevocable Trust and William R. Mallory, Jr. signed the Purchase Agreement as "Equity Holders" of KLM Group. Dkt. No. 2-1 at 59. Together with KLM Group, these parties are referred to in Axel's complaint as the "Seller Parties" [Dkt. 2 at 2] and are collectively referred to in this Opinion and Order as the "KLM Defendants." This designation does not include Defendant Gott, who was employed by KLM Group prior to the execution of the Purchase Agreement and by Axel after the execution of the Purchase Agreement, and who is named individually in Axel's complaint. Dkt. No. 2 at 5, 18.

from KLM Group, KLM Management, and Rivercrest, LLC ("Rivercrest") (collectively "KLM Entities"), grease and lubricant manufacturers. Dkt. No. 2 at 2; Dkt. No. 47 at 2. In conjunction with the Purchase Agreement, Axel and the KLM Entities entered into an Escrow Agreement on March 26, 2018. Dkt. No. 27-1 at 11-18. Pursuant to the Escrow Agreement, $7,000,000 was deposited into an escrow account with Waco Title Company ("Waco"). *Id.* at 1. Of the total funds deposited in escrow, $2,000,000 were designated as "Inventory Reconciliation Escrow Funds" and the remaining funds were designated as "Non-Inventory Escrow Funds." *Id.* at 31.

On December 13, 2018, the KLM Entities filed suit against Waco in the District Court of Tulsa County, Oklahoma. *Axel Royal LLC v. KLM Grp., LP*, No. 19-CV-0068-CVE-JFJ, 2019 WL 11025882, at *1 (N.D. Okla. June 12, 2019) ("*Axel I*"). Waco filed a counterclaim and third-party petition for interpleader against the KLM Entities. *Id.* The KLM Entities filed a crossclaim against Axel. *Id.* On February 5, 2019, Axel, as a third-party defendant, removed the entire action to this Court pursuant to 28 U.S.C. § 1441. *Axel I*, No. 19-CV-0068-CVE-JFJ, 2019 WL 11025882, at *1. *Id.* Axel then filed an answer and counter-crossclaim against the KLM Entities. *Id.* On April 19, 2019, the Court dismissed Waco as a nominal party. *Id.* Waco deposited $7,029,824.01 into the Registry of the Court and was terminated as a party to the action. *Id.*

Meanwhile, on February 7, 2019, Axel initiated the instant case against the KLM Defendants, which was assigned Case No. 19-CV-0071-TCK-FHM (later reassigned Case No. 19-CV-0071-JFH-CDL). *Id.* On March 25, 2019, the KLM Defendants and Gott moved to dismiss Axel's claims, arguing the claims are duplicative of those asserted in *Axel I* and in *James M. Gott v. Axel Royal, LLC*, Case No. 1931-CC00035, (M.O. 31st Cir. Ct. filed Jan. 8, 2019) (*Gott v. Axel*), which is currently pending in the Thirty-First Circuit Court for Green County, Missouri. Dkt. No. 27 at 7-16; Dkt. No. 34 at 5-15. On April 23, 2019, the Court consolidated this case with *Axel I*,

2

realigned the parties to designate Axel as Plaintiff/Counterclaim Defendant and the KLM Entities as Defendants/Counterclaim Plaintiffs, and denied the KLM Entities' and Gott's motions to dismiss as moot. Dkt. No. 44.

On May 28, 2019, the United States Supreme Court issued a decision in *Home Depot U.S.A., Inc. v. George W. Jackson*, 139 S. Ct. 1743 (2019), in which it addressed whether "§ 1441(a) permits a third-party defendant to remove a claim filed against it." 139 S. Ct. 1743 (2019). Based on its reading of *Home Depot*, this Court concluded that *Axel I* had not, in fact, been properly removed. *Axel I*, No. 19-CV-0068-CVE-JFJ, 2019 WL 11025882, at *2. The Court vacated its earlier order consolidating the cases, realigning the parties, and mooting the KLM Entities and Gott's dispositive motions. *Id. Axel I* was remanded to the District Court of Tulsa County. *Id.* Because distribution of the interpleaded funds was still at issue in this case, the Court directed the Clerk of Court to temporarily maintain and preserve the funds in the existing interest-bearing account. *Id.*

Upon remand of *Axel I*, Axel moved for realignment of the parties in the state court. *Axel Royal LLC v. KLM Grp., LP*, No. 19-CV-0531-JFH-JFJ, Dkt. No 19 at 2 (N.D. Okla. June 12, 2019). The state court granted the motion, designating Axel as a party-defendant. *Id.* Axel then removed the case to this Court a second time and the case was assigned Case No. 19-CV-0531-TCK-JFJ (later assigned Case No. 19-CV-0531-JFH-JFJ).[2] *Id.*, Dkt. No. 2. This Court remanded the case a second time, finding that removal was improper under *Home Depot*, notwithstanding the state court's realignment of the parties. *See id.*, Dkt. No 35 at 7-8.

Meanwhile, Axel moved to amend its Complaint, seeking to add factual allegations in support of its claims. Dkt. No. 61.

---

[2] Case No. 19-CV-0531-JFH-JFJ is cited to and referenced herein as *Axel II.*

**II.     DISCUSSION**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party "may amend its pleading once as a matter of course within … 21 days after serving the pleading." Fed. R. Civ. P. 15. Where "the pleading is one to which a responsive pleading is required," it may be amended within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* The grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the district court. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006); *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993).

The purpose of Rule 15(a) "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter*, 451 F.3d at 1204. Accordingly, leave to amend should be granted where the amendment will yield a meritorious claim. *See Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001). A court may deny leave to amend "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. W., Inc.*, 3 F.3d at 1365.

In the present case, Axel seeks leave to amend its Complaint to add "new and clarifying factual detail in support of its claims for breach of contract constructive fraud, and deceit." Dkt. No. 61 at 2. Axel is not seeking to add parties or claims. *Id.* at 3. The Court notes that this case is in the early stages and no scheduling order has been entered. Although Defendants oppose Axel's request due to the motion to remand in *Axel II*, and the pending dispositive motions in this case [Dkt. No. 62 at 10-12; Dkt. No. 63 at 1-2], the Court notes that the motion to remand has now

been granted. Dkt. No. 35. The Court also notes that Rule 15 does not preclude amendment of a complaint while dispositive motions are pending. *See* Fed. R. Civ. P. 15. Because Axel has not previously sought to amend its Complaint and Defendants have not shown undue delay, prejudice, bad faith, or dilatory motive, the Court finds that leave to amend should be granted.

**IT IS THEREFORE ORDERED** that the Motion for Leave to Amend the Complaint, filed by Plaintiff Axel Royal LLC [Dkt. No. 61], is **GRANTED**. The Amended Complaint shall be filed no later than March 8, 2021.

Dated this 24th day of February 2021.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE